**In re Petition for DISCIPLINARY ACTION AGAINST Tracy R. EICHHORN–HICKS, an Attorney at Law of the State of Minnesota.**

**No. C9–00–373.**

Supreme Court of Minnesota.

Feb. 8, 2002.

---

## ORDER

PAUL H. ANDERSON, Justice.

On August 21, 2000, this court suspended respondent Tracy R. Eichhorn–Hicks from the practice of law for a period of one year. *In re Eichhorn–Hicks*, 615 N.W.2d 356 (Minn.2000). Respondent has filed with this court a petition for reinstatement. A panel of the Board of Lawyers Professional Responsibility conducted a hearing on the petition for reinstatement. The panel found that respondent has completed all conditions for reinstatement and that respondent has established his fitness to resume the practice of law. The panel recommends that respondent be reinstated to the practice of law and placed on supervised probation for three years subject to the following conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct.

(c) Respondent shall be supervised by a licensed Minnesota attorney appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor no later than two weeks from the date of the court's reinstatement order. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Respondent shall make active client files available to the Director upon request.

(d) Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar month during the first year of this probation and then a minimum of one in-person meeting per calendar quarter during the remaining two years of this probation. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. In addition, the inventory shall contain information about any retainers accepted and any trust account transactions affecting each such client. Finally, in a general way, respondent shall keep the supervisor aware of the financial success or difficulties being faced by the practice and the plans to address those matters. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

(e) Respondent shall maintain total abstinence from alcohol and other mood-altering chemicals, except that respondent may use prescription drugs in accordance with the directions of a prescribing physician who is fully advised of respondent's chemical dependency before issuing a prescription.

(f) Respondent shall maintain a law office and trust account books and records in compliance with Rule 1.15, MRPC, and LRPB Opinion No. 9. These books and records include the following: client subsidiary ledger, checkbook register, monthly trial balances, monthly trust account reconciliation, bank statements, cancelled checks, duplicate deposit slips and bank reports of interest, service charges, and interest payments to the Lawyers Trust Account Board. Such books and records shall be made available to the Director within 30 days of approval of this stipulation and thereafter shall be made available to the Director at such intervals as he deems necessary to determine compliance.

The Director of the Office of Lawyers Professional Responsibility agrees with the panel's recommendation.

IT IS HEREBY ORDERED that respondent Tracy R. Eichhorn–Hicks is reinstated to the practice of law in the State of Minnesota effective immediately and is placed on supervised probation for three years subject to the conditions set forth above.

BY THE COURT:

Paul H. Anderson
Justice

GILBERT, J., took no part in the consideration or decision of this case.